# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RODERRETTE D. MCCLURE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-16-127-R |
| ) | |
| WARDEN FOX, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

While housed at the Federal Transfer Center in Oklahoma City, Oklahoma, Petitioner Roderrette D. McClure filed a petition seeking habeas corpus relief under 28 U.S.C. § 2241, *see* Doc. Nos. 1 (Pet.), 5 (Supp.) (collectively, "Amended Petition"); *see also* Order of Apr. 14, 2016 (Doc. No. 7) at 1.[1]  Respondent Warden Fox then filed a Motion to Dismiss, *see* Doc. No. 13, to which Petitioner did not respond.  United States District Judge David L. Russell has referred this matter to the undersigned Magistrate Judge for initial proceedings in accordance with 28 U.S.C. § 636.  For the reasons discussed herein, the Amended Petition should be dismissed without prejudice.

---

[1] Citations to documents filed in this Court use the page numbers assigned by the Court's CM/ECF system.

THE PLEADING AND RESPONDENT'S MOTION TO DISMISS[2]

Petitioner, a federal prisoner appearing pro se, is currently serving a 56-month prison sentence imposed in November 2015 by the U.S. District Court for the Eastern District of Texas. Pet. at 1, 9. Petitioner is presently housed at FCI Forrest City, a medium-security correctional institution. Supp. Ex. 1 (Doc. No. 5-1) at 1.

In his pleading, Petitioner argues that the Bureau of Prisons ("BOP"), through its Designation and Sentence Computation Center, improperly classified him as a medium-security rather than as a low-security inmate. *See* Pet. at 6, 8-9; Supp. at 2-4. Specifically, Petitioner alleges that the BOP erred in calculating Petitioner's security-point total on his Inmate Load and Security Designation form (the "BP-337")[3] by: (i) considering a prior federal conviction when assessing his Criminal History score; and (ii) referencing a prior state conviction when assessing his History of Violence score. *See* Pet. at 6, 8-9; Supp. at 2-4. According to Petitioner, the BOP's errors resulted in Petitioner receiving a security-point total of 16 rather than 12, which has resulted in Petitioner improperly being placed in a medium-security rather than a low-security facility. *See* Pet. at 6, 8-9; Supp. at 2-4.

---

[2] This summary draws upon both Petitioner's recitation and facts subject to judicial notice as publicly available. Although Respondent attaches several items of evidence as exhibits to the Motion to Dismiss, the undersigned declines to convert the Motion to a motion for summary judgment and has excluded these exhibits from consideration. *See* R. 1(b), 12, R. Governing § 2254 Cases in U.S. Dist. Cts.; Fed. R. Civ. P. 12(d), 81(a)(4); *Lowe v. Town of Fairland*, 143 F.3d 1378, 1381 (10th Cir. 1998); *Alloway v. Jordan*, 69 F. App'x 431, 433 (10th Cir. 2003).

[3] *See* U.S. Dep't of Justice, *BP-AO337, Inmate Load and Security Designation* (June 2010), http://bop.gov/policy/forms/BP_A337.pdf.

Petitioner alleges that the BOP's BP-337 assessment does not comply with the agency's own guidance, does not comport with the sentencing judge's recommendation that Petitioner attend BOP's Residential Drug Abuse Program ("RDAP"), and has violated his rights under the Fifth and Eighth Amendments. *See* Pet. at 8-9; Supp. at 2, 3. As relief, Petitioner requests only that this Court order his transfer to any low-security federal facility. *See* Pet. at 8, 9, 10; Supp. at 2.

Citing Federal Rule of Civil Procedure 12(b)(6), Respondent's Motion seeks dismissal of Petitioner's habeas claims on several bases. *See* Resp't's Mot. to Dismiss at 2-7.[4] Although advised of his right to respond, Petitioner has not submitted any objection to Respondent's filing or sought additional time to do so. *See* Order of June 2, 2016 (Doc. No. 8) at 1; LCvR 7.1(g). *See generally Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (noting that pro se parties must "follow the same rules of procedure that govern other litigants" (internal quotation marks omitted)).

---

[4] In addition to arguing that Petitioner fails to state a claim upon which relief may be granted under Rule 12(b)(6), Respondent seeks dismissal under Rule 12(b)(1) on the basis that Petitioner failed to exhaust his administrative remedies prior to bringing this lawsuit. *See* Resp't's Mot. to Dismiss at 6-7. Although "[t]he exhaustion of available administrative remedies is a prerequisite for § 2241 habeas relief," *Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010), "the requirement to exhaust administrative remedies is not jurisdictional," *Brennan v. United* States, 646 F. App'x 662, 665 n.6 (10th Cir. 2016). Thus, while any failure to exhaust by Petitioner could result in a denial of habeas relief, such a failure would not properly be a basis for dismissal under Rule 12(b)(1) and need not be examined as a threshold jurisdictional question.

3

ANALYSIS

A. *Petitioner's Claims Are a Challenge to Prison Conditions*

Respondent primarily seeks dismissal under Rule 12(b)(6) due to Petitioner's claims comprising a challenge to his conditions rather than claims upon which relief may granted in a habeas corpus proceeding. The undersigned agrees that dismissal is warranted on this basis.

> A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity. *Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011). A proper § 2241 petition challenges "'the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement. In contrast, a civil rights action . . . attacks the conditions of the prisoner's confinement and requests monetary compensation for such conditions.'" *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997) (omission in original) (quoting *Rhodes v. Hannigan*, 12 F.3d 989, 991 (10th Cir. 1993)). Indeed, "'[i]t is well-settled law that prisoners who wish to challenge only the conditions of their confinement . . . must do so through civil rights lawsuits . . . not through federal habeas proceedings.'" *Palma-Salazar* [*v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012)] (omissions in original) (quoting *Standifer* [*v. Ledezma*, 653 F.3d 1276, 1280 (10th Cir. 2011)]).

*Pinson v. Berkebile*, 553 F. App'x 852, 853 (10th Cir. 2014) (first alteration in original); *accord Palma-Salazar*, 677 F.3d at 1037 n.2 ("This court's precedents . . . indicate the types of claims cognizable under § 2241 are those in which an individual seeks either immediate release from, or a shortened period of, physical imprisonment . . . or immediate release from, or a shortened period of, custody altogether.").

Here, the Amended Petition focuses upon how the BOP has allegedly erred by housing Petitioner in a medium-security facility. *See, e.g.* Pet. at 6, 8-9; Supp. at 2-4. As a remedy, Petitioner asks only that he be transferred to a low-security facility to serve his

sentence. *See* Pet. at 8, 9, 10; Supp. at 2. Thus, Petitioner "does not allege that he should be immediately released." *Pinson*, 553 F. App'x at 854. Nor does Petitioner allege or plausibly imply that the BOP's security classification determination "has impermissibly increased the duration of his sentence" or "increase[d] the length of" his sentence in any manner. *Pinson*, 553 F. App'x at 854; *Palma-Salazar*, 677 F.3d at 1037 (upholding dismissal of federal inmate's Fifth and Eighth Amendment claims as improperly raised under § 2241 rather than as civil rights claims under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971)). Absent such allegations, "even liberally construing [Petitioner's] claims, he has failed to allege a valid factual basis for a § 2241 petition because he complains about prison conditions." *Pinson*, 553 F. App'x at 854.

For all of these reasons, Petitioner's lawsuit "is properly characterized as a civil suit for an injunction against a federal official for a constitutional violation." *Id.* (upholding district court's dismissal of federal prisoner's request made under § 2241 that officials be prohibited from imposing security restrictions upon the prisoner). "Because [Petitioner] seeks a change in the place of his confinement, his claims are properly construed as a challenge to the conditions of his confinement and must be brought pursuant to *Bivens*." *Palma-Salazar*, 677 F.3d at 1038-39; *accord Tashbrook v. Fox*, No. CIV-16-37-R, 2016 WL 3676811, at *3 (W.D. Okla. July 7, 2016) ("[T]he Tenth Circuit has recognized that a federal inmate's challenge to his placement in the federal prison system is a challenge to the conditions of confinement." (citing cases)), *appeal dismissed*, No. 16-6194 (10th Cir. Aug. 26, 2016).

The undersigned does not recommend recharacterization of Petitioner's pleading as a civil rights complaint. Petitioner expressly sought to pursue this action under § 2241. Such recharacterization would subject Petitioner to a filing fee of $400, rather than $5. And, dismissal of this pleading leaves Petitioner free to initiate a civil rights action "utilizing the proper forms and providing the filing fee or tendering an appropriate request for leave to proceed without prepayment of fees." *Campbell v. Bear*, No. CIV-16-530-R, 2016 WL 3566258, at *1 (W.D. Okla. June 24, 2016), *appeal dismissed*, No. 16-6236 (10th Cir. Aug. 31, 2016). Petitioner's pleading therefore should be dismissed without prejudice for failure to state a claim upon which relief may be granted in this § 2241 proceeding. *See, e.g.*, *Banks v. Warden of Fed. Transfer Ctr.*, No. CIV-11-201-C, 2012 WL 728370, at *2 (W.D. Okla. Feb. 15, 2012) (R. & R.) (recommending dismissal of § 2241 claims seeking reclassification of BOP security level and reassignment to a new facility), *adopted*, 2012 WL 728321 (W.D. Okla. Mar. 5, 2012); *Fulton v. Ledezma*, No. CIV-08-945-W, 2009 WL 365649, at *1, *2-3 (W.D. Okla. Feb. 13, 2009) (dismissing petitioner's challenge to his BOP security classification as not cognizable under § 2241).

B. *Petitioner's Claims Fail to Allege a Constitutional Violation*

Alternatively, even if cognizable under § 2241, Petitioner's claims do not reflect any deprivation of his Fifth or Eighth Amendment rights as required to obtain habeas corpus relief. *See* 28 U.S.C. § 2241(c)(3). With respect to the Fifth Amendment:

> The BOP's reliance on a prior criminal conviction to assess [an inmate's] security points does not implicate double jeopardy concerns. *See generally Breed v. Jones*, 421 U.S. 519, 528 (1975) (application of the double

6

> jeopardy clause is limited to proceedings [that] are "essentially criminal"); *see also Thornton v. Ledezma*, No. CIV-11-39-HE, 2011 WL 2551033 (W.D. Okla. May 24, 2011) (federal prisoner's ineligibility for sentence reduction was consequence of his prior conviction history and did not reflect he had been punished twice for same offense in violation of double jeopardy clause). . . . .
>
> Moreover, the BOP is authorized by statute to designate the facility where a federal prisoner is confined. 18 U.S.C. § 3621(b). And, it is well established that Petitioner has no constitutional right to be placed in any particular correctional facility or assigned any particular custody classification. *See Meachum v. Fano*, 427 U.S. 215, 225 (1976); *Olim v. Wakinekona*, 461 U.S. 238, 245-48 (1983); *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976). The BOP "has the discretion to transfer federal prisoners from one place of confinement to another at any time for any reason whatsoever or for no reason at all." *Brown-Bey v. United States*, 720 F.2d 467, 470 (7th Cir. 1983).

*Banks*, 2012 WL 728370, at *2-3 (citations amended); *cf. Sandin v. Conner*, 515 U.S. 472, 478 (1995) (discussing the lack of a protected liberty interest under the Due Process Clause in being housed in a particular state prison).

Further, Petitioner offers no allegations to suggest that his medium-security classification and placement "impose[] atypical and significant hardship on [Petitioner] in relation to the ordinary incidents of prison life." *Conner*, 515 U.S. at 484. Nor, as noted above, has Petitioner shown that the BOP's actions "will inevitably affect the duration of his sentence." *Id.* at 487. And "a prisoner has no constitutional right to participate in RDAP." *Standifer*, 653 F.3d at 1280; *see also id.* at 1279 n.3 (noting that 18 U.S.C. § 3625 precludes judicial review under the Administrative Procedure Act of the BOP's RDAP placement decisions). Consequently, no liberty interest is implicated by the BOP's classification and placement of Petitioner. *See Conner*, 515 U.S. at 484-87; *Banks*, 2012 WL 728370, at *2-3; *cf. Bailey v. Shillinger*, 828 F.2d 651, 652 (10th Cir.

7

1987) (holding that reclassification of plaintiff into administrative segregation did not involve deprivation of a liberty interest protected by the Due Process Clause).

Petitioner's allegations likewise fail to plausibly reflect any violation of his Eighth Amendment rights owing to his placement in a medium-security prison. While the Eighth Amendment's prohibition of "cruel and unusual punishments" imposes a duty on prison officials to "provide humane conditions of confinement," Petitioner offers no allegations reasonably reflecting that any officials have engaged in excessive force or have denied him "adequate food, clothing, shelter, . . . medical care," or safety. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994); U.S. Const. amend. VIII; *see* Pet. at 8-9; Supp. at 2-3.

## RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Respondent's Motion to Dismiss (Doc. No. 13) be granted and that the claims of the Amended Petition be dismissed without prejudice.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to file an objection to this Report and Recommendation with the Clerk of this Court by November 21, 2016, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. The parties are further advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the present case.

ENTERED this 31st day of October, 2016.

_____
CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE